IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Leon,<br><br>        Plaintiff,<br><br>vs.<br><br>Securaplane Technologies, Inc., *et al.*,<br><br>        DefendantS | CV-09-00390-TUC-CKJ(JCG)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is a "Motion to Dismiss and Motion to Strike" filed by Defendants Securaplane Technologies, Inc., Janice Williams, Lorrie Guzeman, Blane Boynton[1] and Michael Boost ("Defendants") on July 20, 2009, pursuant to Rules 12(b)(6) and 12(f)(2), Fed. R. Civ. P. (Doc. No. 4.) Plaintiff responded to the Motion on July 24, 2009 and Defendants timely replied. (Doc. Nos. 6, 7.)

Also pending before the Court is a Motion to Remand filed by Plaintiff on July 21, 2009. (Doc. No. 5.) Defendants responded to the Motion on August 3, 2009 and Plaintiff timely replied. (Doc. Nos. 7, 9.)

Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Guerin for a report and recommendation. After review, the Magistrate recommends the District Court, after its independent review of the record, enter an order granting

---

[1] According to Defendants, Defendant Blane Boynton's name was misspelled by Plaintiff as "Boyington" in Plaintiff's pleadings.

Plaintiff's Motion for Remand and dismissing as moot Defendant's Motion to Dismiss and Motion to Strike.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 12, 2009, Plaintiff, acting *pro se*, filed a complaint against Defendants in the Superior Court of Pima County, State of Arizona. (Doc. No. 1, Ex. 1.) The complaint was later amended. (Doc. No. 1, Ex. 2.) On July 14, 2009, Defendants removed the action to the United States District Court for the District of Arizona. (Doc. No. 1.)

Plaintiff's Amended Complaint alleges five counts for relief: Intentional Infliction of Emotional Distress (Count I), Negligent Infliction of Emotional Distress (Count II), Invasion of Privacy (Count III), Slander (Count IV) and Defamation (Count V). (Doc. No. 1, Ex. 2, pgs. 3-19.) Each of these counts is captioned and clearly identified in the Amended Complaint. Although each of these claims arises under Arizona law, Plaintiff's Amended Complaint includes various general allegations that could be construed as claims arising under federal law:

- Plaintiff alleges that Defendants violated the FAA Suspected Unapproved Parts Program (Doc. No. 1, Ex. 2, pgs. 4, 10-11);
- Plaintiff alleges that Defendants have violated various federal employment laws, including the Civil Rights Act of 1964 and the EEOC Act of 1972 (Doc. No. 1, Ex. 2, pgs. 6, 12);
- Plaintiff alleges that Defendants have violated OSHA (Doc. No. 1, Ex. 2, pgs. 6, 12);
- Plaintiff alleges that Defendants have violated Section 519 of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century (Doc. No. 1, Ex. 2, pgs. 6, 13); and
- Plaintiff alleges that Defendants have violated the Americans with Disabilities Act of 1990 (Doc. No. 1, Ex. 2, pg. 11).

Defendants removed this action to federal court, construing Plaintiff's Amended Complaint as alleging federal claims against Defendants pursuant to Title VII and the ADA

and asserting that the Court had subject matter jurisdiction over the action due to the federal claims asserted. (Doc. No. 1, pgs. 2-3.)

On July 20, 2009, Defendants filed the pending "Motion to Dismiss and Motion to Strike." (Doc. No. 4.) In the Motion to Dismiss, Defendants argued for dismissal of Counts I, II, IV and V on the following grounds: (1) To the extent Counts I and II purport to state claims under Title VII and/or the ADA, Plaintiff has failed to exhaust administrative remedies; (2) Plaintiff cannot state a claim for violation of OSHA because OSHA does not provide a private right of action; (3) Plaintiff cannot state an FAA whistleblower claim because no such private right of action exists; (4) Plaintiff's negligent infliction of emotional distress claim is preempted by the Arizona Worker's Compensation laws; and (5) Plaintiff's slander and defamation claims are barred by the statute of limitations. In addition, Defendants moved for the Court to strike those portions of the Amended Complaint that refer to federal law.

One day after the Motion to Dismiss was filed, Plaintiff filed a Motion for Remand to State Court pursuant to 28 U.S.C. § 1447. In the Motion for Remand, Plaintiff argued that the Court lacked subject matter jurisdiction over this action because Plaintiff had not intended to allege any federal claims against Defendants. (Doc. No. 5.) In his response to Defendants' Motion to Dismiss, Plaintiff further asserted that he intended to allege only five state law claims against Defendants: intentional infliction of emotional distress, negligent infliction of emotional distress, invasion of privacy, slander and defamation. (Doc. No. 6, pg. 4.) Plaintiff specifically avowed to the Court that he was not pursuing any federal claims against Defendants. (*Id*., pgs. 4, 7-8.) Plaintiff stated that he had included discussion of federal law "in an attempt to illustrate the activities which have given rise to said amended complaint" and that as a "non-lawyer" he had "attempted to articulate and characterize to the best of a lay person's ability in the amended complaint and the civil cover sheet the type of action category or categories this action falls under." (*Id*., pg. 6.)

**ANALYSIS**

**1. Motion for Remand**

28 U.S.C. § 1441(b) provides that a defendant may remove an action brought in a State court if the federal district court has "original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." Pursuant to 28 U.S.C. § 1447(c), a plaintiff may move to remand a case back to state court on the ground that the district court lacks subject matter jurisdiction. In determining the presence or absence of federal jurisdiction, the Court applies the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In this case, Defendants removed Plaintiff's action to federal court because Defendants construed the Amended Complaint as alleging claims arising under federal law. However, since the removal, Plaintiff has avowed to the Court that he intended to allege only state law claims, and that the references to federal law in the Amended Complaint were provided as background information related to the activities giving rise to Plaintiff's Amended Complaint. A plain reading of Plaintiff's Amended Complaint supports Plaintiff's avowal: the only "counts" clearly captioned and identified as such in the Amended Complaint are the five state law claims of intentional infliction of emotional distress, negligent infliction of emotional distress, invasion of privacy, slander and defamation.

Plaintiff is "master of the complaint," and may "choose to have the cause heard in state court . . . by eschewing claims based on federal law." *Caterpillar*, 482 U.S. at 399. The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir.1988). In the present case, Defendants have failed to meet their burden of proof with respect to removal. Although the language of the Amended Complaint is unclear, Plaintiff has now demonstrated to Defendants and to the Court that he intends to "eschew claims based on federal law." Accordingly, the Magistrate recommends that Plaintiff's Motion for Remand be granted.

1 | Plaintiff contends that he is entitled to fees and costs incurred as a result of the removal. Although 28 U.S.C. § 1447 provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," the Magistrate recommends that no fees or costs be awarded to Plaintiff in this case. Plaintiff's Amended Complaint contains significant references to federal law, such that Defendants were justified in construing the Amended Complaint as giving rise to federal subject matter jurisdiction.

**2.  Motion to Dismiss and Motion to Strike**

Defendants argue, without citation to any legal authority, that "in the interest of judicial economy . . . if the Court is inclined to grant Plaintiff's Motion to Remand [the Court should] first rule on Defendants' Partial Motion to Dismiss and Motion to Strike. (Doc. No. 4, pg. 2.)  However, this Court cannot stay its ruling on the Motion to Remand and instead rule on the other pending motions. 28 U.S.C. § 1447 controls the remand of removed matters for lack of subject matter jurisdiction. Pursuant to the statute, if a district court determines at any time before final judgment that it is without subject matter jurisdiction it "shall" remand the action to the state court. 28 U.S.C. § 1447(c); *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir.1997). Because, in considering Plaintiff's Motion for Remand, the Court concludes that it is without federal subject matter jurisdiction, the Court lacks jurisdiction to decide the remaining motions. Accordingly, the Magistrate recommends that Defendants' Motion to Dismiss and Motion to Strike be dismissed as moot.

**CONCLUSION**

For the foregoing reasons, the Magistrate Judge recommends the District Court, after is independent review of the record, enter an order GRANTING Plaintiff's Motion for Remand (Doc. No. 5) and DISMISSING AS MOOT Defendants' Motion to Dismiss and Motion to Strike (Doc. No. 4).

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation.  If objections are

not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-09-390-TUC-CKJ.**

DATED this 27th day of August, 2009.

Jennifer C. Guerin
United States Magistrate Judge